United States District Court
Southern District of Texas
**ENTERED**
June 02, 2017
David J. Bradley, Clerk

ENTERED
05/31/2017

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Case No. 16-34815 |
| 3 STAR PROPERTIES, LLC, | § | |
| | § | (Chapter 7) |
| Debtor, | § | |

| | | |
|---|---|---|
| SED HOLDINGS, LLC, | § | |
| | § | |
| v. | § | ADVERSARY NO. 17-03051 |
| | § | |
| 3 STAR PROPERTIES, LLC, ET AL. | § | |

**AGREED REPORT AND RECOMMENDATION TO THE UNITED STATES DISTRICT COURT REGARDING WITHDRAWAL OF THE REFERENCE OF THIS ADVERSARY PROCEEDING**
[Relates to Docket No. 15]

CAME ON to be heard, SED Holdings, LLC's Motion to Withdraw the Reference (the "Motion to Withdraw"). For the reasons stated below and based on the agreement of the parties, this Court recommends to the District Court that Motion to Withdraw be GRANTED with pretrial matters referred to this Court until the parties certify that this matter is ready for jury trial before the District Court.

**Case Background**

This adversary proceeding involves protracted pre-bankruptcy litigation between the Debtor 3 Star Properties, LLC, SED Holdings, LLC, and other persons and entities involved in the allegedly fraudulent sale of 1,235 non-performing mortgage loans. There are numerous claims, cross-claims, and counterclaims which have been asserted in two different state courts since December 1, 2014. After "Petitioning Creditors" Biltmore Funding, LLC and TM Property Solutions, LLC filed an involuntary bankruptcy petition against Debtor 3 Star Properties, LLC, the

state court litigation was removed to this Court and consolidated into a single adversary proceeding. Facts relevant to this report and recommendation include the following:

1. <u>Parties</u>. The parties to this adversary proceeding are:

- 3 Star Properties, LLC ("<u>Debtor</u>");
- James Johnson ("<u>Johnson</u>");[1]
- Janet S. Northrup ("<u>Trustee</u>");[2]
- SED Holdings, LLC ("<u>SED</u>");[3]
- Biltmore Funding, LLC ("<u>Biltmore</u>");[4]
- TM Property Solutions, LLC ("<u>TM Property</u>");
- TMPS, LLC ("<u>TMPS</u>");[5]
- Mark Hyland ("<u>Hyland</u>");[6]
- Charles Brown & Associates, PLLC ("<u>Charles Brown</u>");[7] and
- Home Servicing, LLC ("<u>Home Servicing</u>").[8]

2. <u>Claims</u>. Although the parties have not yet amended their state law petitions to conform to federal rules, the claims asserted in this adversary proceeding include:

- Claims asserted by SED against Debtor, Johnson, Biltmore, TM Property, TMPS, Hyland, Charles Brown, and/or Home Servicing:

| Cause of Action | Defendants |
| --- | --- |
| Fraud in the Inducement (Loan Sale Agreement) | Debtor, Johnson, Biltmore, and TM Property |
| Fraud (Loan Sale Agreement) | Debtor, Johnson, Biltmore, TM Property, TMPS, Hyland, Home Servicing, and Charles Brown |

---

[1] Johnson is Debtor's principal and has been designated as the Debtor's corporate representative in the main bankruptcy proceeding.

[2] The Trustee is the chapter 7 trustee for Debtor's bankruptcy estate.

[3] SED is a creditor in the main bankruptcy proceeding that entered into a certain "<u>Loan Sale Agreement</u>" with Debtor for the sale of 1,235 non-performing mortgage loans.

[4] Biltmore and TM Property each sold a portion of the loans at issue to Debtor and are the entities that initiated the involuntary bankruptcy proceeding against the Debtor.

[5] TMPS is an affiliate of the Petitioning Creditors.

[6] Hyland is the principal of Biltmore, TM Property, and TMPS.

[7] Charles Brown is the custodian of the loans at issue.

[8] Home Servicing serviced the loans at issue.

| Cause of Action | Defendants |
|---|---|
| Civil Conspiracy (Fraud Claim) | Debtor, Johnson, Biltmore, TM Property, TMPS, Hyland, Home Servicing, and Charles Brown |
| Negligent Misrepresentation (Loan Sale Agreement) | Debtor, Johnson, Biltmore, TM Property, TMPS, Hyland, Charles Brown, and Home Servicing |
| Violation of Texas Theft Liability Act | Debtor, Biltmore, and TM Property |
| Fraudulent Transfer | Debtor, Biltmore, and TM Property |
| Declaratory Judgment of No Meeting of the Minds/Mistake of Fact (Loan Sale Agreement) | Debtor |
| Breach of Loan Sale Agreement | Debtor |
| Unjust Enrichment | Debtor, Biltmore, and TM Property |
| Breach of Contract | Home Servicing and Charles Brown |
| Breach of Confidentiality Agreement | Charles Brown |

- Claims asserted by Debtor and Petitioning Creditors against SED:

| Cause of Action | Defendants |
|---|---|
| Breach of Loan Sale Agreement | SED |
| Default of promissory note payable to Debtor | SED |
| Declaratory Judgment regarding title to the loans | SED |
| Declaratory Judgment regarding Charles Brown's obligations to Debtor, SED, and Petitioning Creditors with respect to the loans | SED |

3. Although the parties anticipate asserting core bankruptcy claims after amending their state court pleadings, non-core bankruptcy claims will predominate.

4. SED asserted jury demands prior to removal of the state court cases and filed statements in the removed proceedings that (i) re-asserted its demand for a jury trial and (ii) stated that SED does not consent to entry of judgment or final orders by this Court.

5. SED timely filed its Motion to Withdraw on May 10, 2017.

6. Petitioning Creditors objected to SED's Motion to Withdraw at hearing but stated they would agree to withdrawal if this Court recommended that it handle pretrial matters.

### Recommendation Regarding Withdrawal of the Reference

7. Section 157(d) of Title 28 states that the "district court may withdraw, in whole or

in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). "For a district court to grant permissive withdrawal under 28 U.S.C. §157(d), it must weigh six factors to determine if cause exists." *Cano v. GMAC Mortg. Corp.*, 2009 U.S. Dist. LEXIS 127215, *5 (S.D. Tex. Sept. 29, 2009) (citing *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985)). The six factors are "1) promoting uniformity in bankruptcy administration, 2) reducing forum shopping and confusion, 3) fostering the economical use of the debtors' and creditors' resources, 4) expediting the bankruptcy process, 5) whether jury demands have been made, and 6) core versus non-core matters." *Id*. When parties entitled to jury trials request them and do not consent to jury trials before a bankruptcy court, the bankruptcy court should recommend that the adversary be withdrawn to the district court for trial. *See In re Clay*, 35 F.3d 190, 196-97 (5th Cir. 1994).

8. This Court recommends withdrawal of the reference because SED is entitled to a jury trial by virtue of its state and federal court jury demands and because SED does not consent to this Court holding a jury trial. This Court's decision is also supported by the *Holland* factors. For example, although this adversary proceeding will likely contain core bankruptcy claims after re-pleading, non-core claims will predominate. Additionally, there is no indication that SED is forum shopping and withdrawal of the reference would increase efficiency because the District Court is better equipped to hold a jury trial than this Court.

9. For these reasons and because of the agreement of the parties, this Court recommends that the District Court withdraw the reference for trial by jury but refer all pretrial matters to this Court.

SIGNED: 5-31-17, 2017,

Karen K. Brown
United States Bankruptcy Judge

**SUBMITTED BY:**

By: /s/Blake Hamm
Blake Hamm
Texas State Bar No. 24069869
blakehamm@snowspencelaw.com
SNOW SPENCE GREEN LLP
2929 Allen Parkway, Suite 2800
Houston, TX 77019
(713) 335-4800
(713) 335-4848 Fax
*Attorneys for SED Holdings, LLC*

**AGREED IN FORM AND SUBSTANCE:**

By: /s /Rhonda R. Chandler
Rhonda R. Chandler
Texas State Bar No. 04101600
rrc@hwallp.com
HUGHES WATTERS ASKANASE, LLP
1201 Louisiana, Suite 2800
Houston, Texas 77002
(713) 759-0818
(713) 759-6834 Fax
*Attorney For Chapter 7 Trustee,
Janet S. Northrup*


By: /s/ Blake Hamm
Blake Hamm
Texas State Bar No. 24069869
blakehamm@snowspencelaw.com
SNOW SPENCE GREEN LLP
2929 Allen Parkway, Suite 2800
Houston, TX 77019
(713) 335-4800
(713) 335-4848 Fax

And

By: /s/ Jared I. Levinthal
Jared I. Levinthal
Texas State Bar No. 24002467

levinthal@levinthalwilkins.com
LEVINTHAL WILKINS
2323 S. Shepherd Dr., Suite 1000
Houston, TX 77019
(713) 275-9700
(713) 275-9701 Fax
***Attorneys for SED Holdings, LLC***

By: */s/ Brian B. Kilpatrick*
Brian B. Kilpatrick
Texas State Bar No. 24074533
bkilpatrick@wcglaw.com
WILSON CRIBBS + GOREN, P.C.
2500 Fannin Street
Houston, TX 77002
(713) 222-9000
(713) 229-8824 Fax
***Attorneys for Biltmore Funding, LLC,***
***TM Property Solutions, LLC, and***
***Mark Hyland***

By: */s/ Sean Reagan*
Sean Reagan
Texas State Bar No. 24046689
sreagan@lpmfirm.com
LEYH, PAYNE & MALLIA, PLLC
9545 Katy Fwy, Ste. 200
Houston, TX 77024
(713) 785-0881
(713) 784-0338 Fax
***Attorneys for Biltmore Funding, LLC,***
***TM Property Solutions, LLC, TMPS, LLC,***
***Mark Hyland, and Home Servicing LLC***

By: */s/ Gary Pate*
Gary Pate
Texas Bar No. 24029762
pate@mdjwlaw.com
MARTIN, DISERE, JEFFERSON & WISDOM, LLP
808 Travis, 20th Floor
Houston, TX 77002
(713) 632-1708
(713) 222-0101 Fax
***Attorneys for Charles Brown & Associates, PLLC***